UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Renato Dominguez | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:13-cv-00420 |
| | § | |
| Black Elk Energy, LLC; | § | |
| Black Elk Management, LLC; | § | |
| Black Elk Oil & Gas, LLC; | § | |
| Black Elk Energy Offshore Operations, LLC; | § | |
| Wood Group PSN, Inc.; | § | |
| Wood Group USA, Inc.; | § | |
| Compass Engineering & Consultants, LLC; | § | |
| Compass Engineering & Consultants of Texas, LLC; | § | |
| Shamrock Management d/b/a Shamrock Energy Solutions; and | § | |
| Enviro-Tech Systems, LLC. | § | |
| | § | |
|    *Defendants*. | § | |

**Plaintiff Response to Defendant Wood Group's Motion to Transfer Venue**

The Court should deny the Wood Group Defendants' ("Wood Group") Motion to Transfer Venue pursuant to 28 U.S.C. 1404 (a) because:

- Wood Group has failed to satisfy its burden to establish the Eastern District of Louisiana is "clearly" more convenient than Dominguez's forum of choice;

- Wood Group (along with two other named Defendants) are Texas entities headquartered in this District;

- Three non-party companies conducted thorough investigations of this incident. All three of these companies are located in Texas;

- The "private interest" factors favors retention of this case;

1

- The "public interests" factors favors retention of this case; and

- The residents of this District have a significant interest in judging the conduct of companies that reside here.

# I.

## Facts

Plaintiff Renato Dominguez ("Dominguez") was seriously injured when Black Elk's exploded on or about November 16, 2012. He was severely burned over 24% of his body (including severe burns on his face). He was placed on a ventilator due to respiratory and pulmonary failure and suffers from severe PTSD. The Bureau of Safety and Environmental Enforcement investigated the incident and cited Wood Group and Black Elk for numerous regulatory violations. Both these defendants are headquartered in this District.

After the incident, Defendant Black Elk hired ABS Consulting, another company that is headquartered here, to conduct an investigation. (*See* Doc 7-1 through 7-12). The investigation was led by Steve Arendt (who resides in this District). (Doc. 7-1 at p. 1; Doc. 7-7 p. C-2). ABS Consulting then hired Invetech (yet another company that is based in this District) to perform metallurgical testing on material recovered from the platform. (*See* Doc. 7-11). Similarly, ABS Consulting hired Armstrong Forensic Laboratory (another Texas company) to conduct forensic testing on materials recovered from the platform. (*See* Doc. 7-7

through 7-10).  4.  The testing by both these consultants was done in Texas and that is presumably were the samples that were tested are still being stored.

Given the strong connection to this District, Dominguez filed suit here on November 13, 2013.  There are ten named Defendants in this case.  Five of these entities are corporate citizens of Texas, headquartered in the Southern District of Texas. (Doc. # 1 at ¶¶ 3, 4, 5, 6, and 8; *see also* Doc. 7-13 through 7-15).  Wood Group has moved for transfer of this case to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1404(a).  Wood Group does not dispute that venue is proper here, but rather contends that it is too inconvenient for them to litigate in their home District and the home District of several other defendants.  (*See* Doc. # 5). Wood Group's motion lacks merit and should be denied.

## II.

## The Court Should Deny Wood Group's Motion

This Court's opinion in *Welding Technologies v. James Machine Works, LLC* provides a clear roadmap to evaluate Defendant's motion and confirms that Defendant's motion should be denied. *See Welding Technologies v. James Machine Works, LLC*, 2013 WL 1123852 (S.D. Tex. Mar. 18, 2013) (Costa, J.) Under section 1404(a), "[f]or the convenience of parties and witnesses [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which

all parties have consented." 28 U.S.C. § 1404(a). The statute is intended to save "time, energy, and money while at the same time protecting litigants, witnesses, and the public against unnecessary inconvenience." *Welding*, 2013 WL 1123852 at *5 (citing *Republic Capital Dev. Grp., L.L.C. v. A.G. Dev. Grp., Inc.,* No. H–05–1714, 2005 WL 3465728, at *8 (S.D.Tex. Dec.19, 2005) and *Van Dusen v. Barrack,* 376 U.S. 612 (1964)).

Dominguez's initial choice of forum is entitled to deference; thus, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* (citing *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*")). A party seeking a 1404(a) transfer must satisfy the "clearly more convenient" standard by balancing the private and public interest factors established by the U.S. Supreme Court in *Piper Aircraft*. *Id.* at *6.

The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the

avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id*. The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.,* 868 F.2d 1428, 1436 (5th Cir.1989) (requiring movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir.1966).

Here, Wood Group argues that it would be more convenient to litigate this matter in the Eastern District of Louisiana than in the District in which they (and several other defendants) are headquartered. Wood Group fails to satisfy its burden to demonstrate that the Eastern District of Louisiana is "clearly" more convenient forum. As such, the Court should deny Wood Group's motion.

### A. The private interest factors favor retention of this case.

#### i. Dominguez's choice of venue is entitled to deference

Dominguez chose to file suit here. *Welding*, 2013 WL 1123852 at *5 ("when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected."). This is where several defendants and witnesses reside. It is also where most of the investigation into the incident has occurred. Wood Group incorrectly contends Dominguez's choice of venue is entitled to less deference since he does not reside here. While Dominguez was living in Louisiana at the time of the incident, his permanent residence is in the Philippines (and that is where he is currently residing). With this in mind, it is

5

clear that travel to the Intercontinental Airport in Houston from the Philippines will be more direct, less burdensome, and will require fewer hours of travel than travel to and from New Orleans from the Philippines. Given the strong connection this case has to this venue, the Court should give strong deference to Dominguez's choice to file suit here and deny Wood Group's motion.

### ii. Relative ease of access to proof

A substantial amount of the documentary evidence will likely be located in this District given the location of the Texas Defendants' corporate headquarters. Essential documents relating to the Texas Defendants' corporate policies and procedures, work practices, safety guidelines, and other relevant facts will likely be located in this District. Further, the documents generated by the Texas defendants regarding day-to-day activity on the platform will likely be located at those defendants' headquarters in this District.

Moreover, Defendant Black Elk hired ABS Consulting to investigate and prepare a report on the cause of the explosion and fire in question. (*See* Doc. 7-1 through 7-12). Like Wood Group and Black Elk, ABS Consulting is headquartered in this District. As part of the investigation, materials from the platform were tested at Armstrong Forensic Laboratory's office in Texas and Invetech's office in this District. (*See* Doc. 7-1 through 7-5; Doc. 7-11). It is likely that the samples that were tested are still located in Texas. All three consulting companies' reports,

notes, etc. are likely located here as well. Moreover, any documents that are located in Louisiana can easily be transmitted to Texas electronically. *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 778 (E.D. Tex. 2000) ("with advances in communication, transportation, and the preservation of testimony, costs and encumbrances that were once oppressive are now usually surmountable.") (quoting *Dupre v. Spanier Marine Corp*., 810 F. Supp. 823, 827 (S.D. Tex. 1993). The same cannot be said for the materials tested in the Texas laboratories. Therefore, this factor strongly favors retention of this case.

### iii. Availability of compulsory process of unwilling witnesses

The availability and convenience of witnesses is arguably the most important of the factors in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.,* 20 F.Supp.2d 1057, 1060 (S.D.Tex.1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Prac. & Proc.* § 3851, at 415 (1986)). To support a section 1404(a) Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony. *See, e.g., Young v. Armstrong World Indus., Inc.,* 601 F.Supp. 399, 401–02 (N.D.Tex.1984). Furthermore, the moving party must do more than make a general allegation that certain key witnesses are needed. *See id.;* 15 Wright, Miller & Cooper, § 3851 at 425. The movant must specifically identify the key witnesses and outline the substance of their testimony. *Dupre,* 810 F. Supp. at 825.

Here, some of the most important witnesses are employed by ABS Consulting, Invetech, and Armstrong Forensic Laboraties. ABS Consulting's mission included "evidence collection, human factors, fire and explosion analysis, evidence analysis, and evidence preservation." (Doc. 7-1 at pp. 1-2). ABS Consulting is based in Houston. The ABS Consulting team included 12 people. Its Team Leader (Steve Arendt) resides here and it is believed that the several other members of ABS's investigation team reside in this District as well. Besides the ABS Consulting witnesses, forensic testing was done by Jack Slater of Invetech. (Doc. 7-11 at pp. D-2 and D-5). He resides in this District and will be a key witness. *Id*. Forensic testing was also performed by Kelly Wouters and Andrew Armstrong of Armstrong Forensic Laboratory. They are Texas residents. (Doc. 7-7 at pp C-2 and C-25). None of these non-party Texas witnesses can be subpoenaed in Louisiana. Consequently, this factor weighs strongly against transfer.

Further, Rule 30(b)(6)-type witnesses who have knowledge of Wood Group's corporate policies and procedures, work practices, safety guidelines, and other relevant facts likely reside in this District given the fact that Wood Group is headquartered here. The same is true for Black Elk's corporate witnesses. In addition, it appears each of the witnesses identified in Exhibit A to Wood Group's motion are employed by Wood Group (or the other defendants) and are subject to

8

their control. There is no indication that their employers cannot compel their testimony regardless of where they live. As such, Wood Group has not carried its burden on this factor. The Court should deny its motion.

### iv. Cost of obtaining presence of witnesses

Wood Group simply refers the Court to its argument regarding compulsory process of witnesses with the respect to this factor. As noted above, the witnesses identified by Wood Group remain employed by the Defendants in this case and subject to their control. Further, there are a number of non-party witnesses who reside in this District. Wood Group bears the burden of demonstrating to the Court that it should transfer the case and they have failed to do so. As such, Wood Group's motion to transfer should be denied.

### v. Other practical consideration that make trial in this forum expeditions and inexpensive

Wood Group's singular argument with respect to this factor is that other related cases are pending in the Eastern District of Louisiana. The cases referenced by Wood Group that were transferred by this Court were done so by consent or without opposition. *See Canencia, et al. v. Black Elk Energy, LLC, et al.,* SDTX No. 12-00028/EDLA No. 13-5137; *Voclain v. Black Elk Energy, LLC*, et al., SDTX No. 13-1738/EDLA No. 13-6022. In contrast, Dominguez does *not* consent to the requested transfer and his choice of venue should not be limited simply because two other plaintiffs decided that their interests were better served

9

in Louisiana. Moreover, if the Court denies Wood Group's motion, Dominguez will endeavor to coordinate discovery with the parties who are litigating in the other venue to avoid unnecessary complications. As such, these factors do not favor transfer. The Court should deny Wood Group's motion.

### B. The public interest factors favor retention of this case.

#### i. Court congestion and administrative difficulties

Wood Group attempts to support its motion to transfer by making a cursory comparison of the total number of cases in this District versus the Eastern District of Louisiana based upon 2014 statistics. Notably, Black Elk made a similar argument its motion which indicated that cases are resolved, on average, eight months faster in this District than in the EDLA. (Doc. #5 at pg. 12-13). Moreover, the Court is well aware of the demands on its own docket and is in the best position to determine whether presiding over this explosion case will cause an undue burden on the Court.

#### ii. Local interest in having matter decided at home

There is a "strong local interest" in matters that involve corporations who reside in this District. *S & D Trading Academy, LLC v. AAFIS, Inc.*, 494 F.Supp.2d 558, 573 (S.D. Tex. 2007). Additionally, in a case with a strong local interest, "requesting citizens of this District to help resolve this dispute by sitting on a jury is not unfair." *Id*. at 574. As shown above, five of the named

Defendants, including Wood Group are Texas entities that each has their headquarters and principal places of business in this District. Accordingly, there is a strong local interest in having it resolved here and it is not unfair to ask local citizens to sit on a jury. As such, this factor weighs heavily against Wood Group's proposed transfer and favors retention in this Court.

### iii. The forum's familiarity with applicable law and avoidance of unnecessary conflicts of law.

While Louisiana law (via OCSLA) may apply to this case, Courts in this District regularly apply Louisiana law without difficult. Applying it in this case, should not pose any significant problems for the Court. Consequently, the Court should not transfer this case based upon this factor.

### IV.

### Conclusion

Dominguez respectfully request that the Court deny Defendant Wood Group's motion and retain this case.

Respectfully Submitted,

/s/*Jason A. Itkin*
ARNOLD & ITKIN LLP
Texas State Bar No. 24060816
SDTX No. 33053
6009 Memorial Drive
Houston, Texas 77007
Tel: 713-222-3800
Fax: 713-222-3850
jitkin@arnolditkin.com

*ATTORNEY FOR PLAINTIFF*

**OF COUNSEL:**
Cory D. Itkin
State Bar No. 24050808
Federal Bar No. 618119
Noah M. Wexler
State Bar No. 24060816
Federal Bar No. 916478
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, Texas 77007
Tel: 713-222-3800
Fax: 713-222-3850
citkin@arnolditkin.com
nwexler@arnolditkin.com

and

Reda M. Hicks
DIAMOND McCARTHY LLP
State Bar No. 24050507
909 Fannin Street, Suite 1500
Houston, Texas 77010
Telephone: (713) 333-5100
Facsimile: (713) 333-5199
rhicks@diamondmccarthy.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been duly sent via CM/ECF on this the 27th day of January, 2014 to all counsel of record.

/s/*Jason A. Itkin*
Jason A. Itkin