UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RENATO DOMINGUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:13-CV-420 |
| | § | |
| BLACK ELK ENERGY, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

A motion to transfer venue often follows a familiar pattern: plaintiffs file suit in their home forum—typically one other than the defendants'—and defendants thereafter seek a transfer to the district where they reside. Such is not the situation here; instead, the reverse scenario is before the Court. Plaintiff Renato Dominguez, a resident and citizen of Louisiana,[1] brought this personal injury suit in Texas—the home forum of Defendants Black Elk Energy, LLC and Black Elk Energy Offshore Operations, LLC (collectively "Black Elk"). Black Elk contends that venue is more convenient where Dominguez resides and it therefore asks this Court to transfer the case to the Eastern District of Louisiana, where the

---

[1] Dominguez's Complaint alleges that he "is a resident and citizen of Louisiana." Docket Entry No. 1 ¶ 2. However, in his Response to Black Elk's Motion to Transfer, Dominguez now claims that "[w]hile [he] was living in Louisiana at the time of the incident, his permanent residence is in the Philippines (and that is where he is currently residing)." Docket Entry No. 7 at 5. Venue is determined at the time that the suit is filed. *See Holmes v. Energy Catering Servs., LLC*, 270 F. Supp. 2d 882, 884–85 (S.D. Tex. 2003). But even if some doubt now exists concerning his residence, it is clear that it was not the Southern District of Texas at the time he filed suit. And the Court believes transfer is warranted even if Dominguez resides in the Philippines.

alleged tort occurred.  Its principal basis for this request is that eight related lawsuits stemming from the same incident have been consolidated in, and are pending before, the Eastern District of Louisiana.

## I.  BACKGROUND

On November 16, 2012, Dominguez was allegedly injured in an explosion while working on an offshore oil production platform owned by Black Elk.  The platform was located in the Gulf of Mexico, roughly twenty miles southeast of Grand Isle, Louisiana, which is within the boundaries of the Eastern District of Louisiana.  Twenty-four people were working aboard Black Elk's platform at the time of the explosion.  This incident has given rise to at least nine federal lawsuits against Black Elk and its contractors.  All but this one are pending before Judge Nanette Jolivette Brown in the Eastern District of Louisiana.

Both Black Elk Energy, LLC and Black Elk Energy Offshore Operations, LLC, as well as Defendant Wood Group USA, Inc., are Texas companies whose principal places of business are in this District.  That is the only direct connection between Dominguez's suit and the Southern District of Texas.  Yet, as it currently stands, his suit remains the outlier—it is the only one of the nine related suits not pending in the Eastern District of Louisiana.  To rectify that, Black Elk challenges—on convenience grounds—venue in the Southern District of Texas under 28 U.S.C. § 1404 and seeks transfer away from its home district to

Dominguez's home district in the Eastern District of Louisiana.

Although the Court is ruling on Black Elk's Motion to Transfer Venue, which was the first such motion filed, the Court's analysis of that motion is affected by motions that other defendants have since filed. Several defendants, including Wood Group, Defendant Enviro-Tech Systems, LLC, and Defendant Compass Engineering & Consultants, LLC, have also asked the Court to transfer venue. *See* Docket Entry Nos. 8, 9, 29, 30.  In addition to these motions seeking transfer on convenience grounds, some defendants have disputed whether this Court even has jurisdiction to hear this dispute.  Compass and Enviro-Tech have filed motions to dismiss for lack of personal jurisdiction (*see* Docket Entry Nos. 31 and 32), and, according to Black Elk's Reply, Defendant Shamrock Management, LLC intends to do the same.  *See* Docket Entry No. 11 at 5 n.5.

## II.   MOTION TO TRANSFER VENUE

Convenience transfers are governed by 28 U.S.C. § 1404(a), which provides that for "the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  The transfer statute is intended to save "time, energy, and money while at the same time protecting litigants, witnesses, and the public against unnecessary inconvenience[s]."  *Republic Capital Dev. Grp., L.L.C.*

*v. A.G. Dev. Grp., Inc.*, 2005 WL 3465728, at *8 (S.D. Tex. Dec. 19, 2005) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964)). Generally, district courts deny transfer "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff." *In re Volkswagen of Am., Inc.* (*Volkswagen II*), 545 F.3d 304, 315 (5th Cir. 2008) (en banc). "[W]hen a plaintiff is not a resident of the chosen forum," however, "or when the operative facts underlying the case did not occur in the chosen forum, a court gives less deference to a plaintiff's choice." *Rimkus Consulting Grp., Inc. v. Balentine*, 693 F. Supp. 2d 681, 690 (S.D. Tex. 2010) (collecting cases).

The application of section 1404(a) is a two-part process. The court must first determine whether the venue to which transfer is sought is one in which the case could have been filed. *In re Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 203 (5th Cir. 2004) (per curiam). If so, the court must then determine whether the transfer would serve "the convenience of parties and witnesses" and "the interest of justice," 28 U.S.C. § 1404(a), by weighing a number of private and public interest factors, none of which are given dispositive weight. *Volkswagen I*, 371 F.3d at 203. Specifically, the Fifth Circuit has articulated the following factors to determine whether transfer is warranted.

> The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case

easy, expeditious and inexpensive.  The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Id.* (citations omitted).

### III.  ANALYSIS

#### A. Venue is Proper in the Eastern District of Louisiana

As a threshold matter, the Court finds that Dominguez could have originally filed this suit in the Eastern District of Louisiana.  Because the accident occurred on a platform located twenty miles off the coast of Grand Isle, Louisiana—which itself is located in the Eastern District of Louisiana—that District is a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"; thus, venue in the Eastern District of Louisiana would be proper under section 1391(b)(2).  28 U.S.C. § 1391(b)(2).

#### B. Convenience Analysis

##### 1.  *Private Interest Factors*

With respect to the private factors, the first—the parties' interest in easy access to sources of proof—weighs in favor of transfer.  The evidence relating to the explosion and subsequent investigation, including medical records concerning Dominguez's alleged injuries, is located in the Eastern District of Louisiana. Dominguez received treatment by physicians in hospitals located in the Eastern

District of Louisiana.  *See Perry v. Autocraft Invs., Inc.*, 2013 WL 3338580, at *2 (S.D. Tex. July 2, 2013) (concluding that the first private interest factor weighed in favor of transfer because the accident, as well as all of plaintiff's medical care, occurred in the transferee location).  The first responders who helped to evacuate the injured from the platform also reside in Louisiana.  In addition, the other workers present on the platform when the accident occurred will presumably be witnesses.  And all of the relevant physical evidence taken from the scene is located in storage yards in Louisiana, save for small samples of materials that were transported to Houston for testing.  Even though shipping the physical evidence to this District would not be overly burdensome, this factor nevertheless favors transfer because the proper inquiry is the "*relative* ease of access, not *absolute* ease of access," to sources of proof.  *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (per curiam) (italics in original) (citing *Volkswagen II*, 545 F.3d at 316).

The second private interest factor—the availability of compulsory process to secure witness attendance—likewise supports transfer to Louisiana.  "It is the nonparty witnesses whose convenience is the most important consideration." *Perry*, 2013 WL 3338580 at *2.  Among those nonparties is Dominguez's employer, D&R Resources, LLC, which is headquartered in the Eastern District of Louisiana and is expected to have relevant documents and other information regarding Dominguez's background, training, earnings, and supervision.  Grand

Isle Shipyards, a Black Elk contractor, also is located in the Eastern District of Louisiana.

Dominguez points out that, because several of Black Elk's expert witnesses are based in Houston—which is more than 100 miles from the courthouse in New Orleans—they could quash any subpoena issued by the Eastern District of Louisiana.  *See* Fed. R. Civ. P. 45(c)(3)(A)(ii).  However, that concern is outweighed by the fact that many of the same expert witnesses are already expected to testify in the consolidated suits in the Eastern District of Louisiana.  In any event, the availability of compulsory process to secure the attendance of expert witnesses is usually not given much weight.  *See Mid-Continent Cas. Co. v. Petrol. Solutions, Inc.*, 629 F. Supp. 2d 759, 763 (S.D. Tex. 2009) (explaining that "the convenience of expert witnesses is generally entitled to little weight on a motion to transfer venue" (citing *Cont'l Airlines, Inc. v. Am. Airlines, Inc.*, 805 F. Supp. 1392, 1397 (S.D. Tex. 1992))).  Any testifying employee of Black Elk who resides in Texas would, similarly, likely testify voluntarily in Louisiana.

The third private interest factor—the cost of attending trial for willing witnesses—similarly favors transfer.  All of the witnesses identified in Texas are anticipated to testify in the consolidated suits in New Orleans.  Accordingly, transferring this case would result in substantial cost savings by allowing those witnesses to testify in only one location, whereas failing to do so would increase

the cost of attending trial to the extent those witnesses travel to Galveston and repeat their testimony.  As a result, litigation centralized in one forum better minimizes the cost of attendance for willing witnesses.[2]

The last private interest factor—all other practical problems that make trial of a case easy, expeditious, and inexpensive—weighs heaviest of all in favor of transfer to the Eastern District of Louisiana.  While no one factor is dispositive, judicial economy is a paramount consideration when determining whether a transfer is in the interest of justice.  *See Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960).  Dominguez has already agreed to consolidate his suit with those pending in the Eastern District of Louisiana for purposes of discovery.  *See* Docket Entry No. 7 at 10.  But outright transfer also promotes the interest in an "easy, expeditious and inexpensive" resolution, *Volkswagen I*, 371 F.3d at 203, and "avoid[s] the prospect of having two [or more] trials in different venues on the same issue—one in Texas . . . and another in Louisiana."  *Webb v. Settoon Towing, LLC*, 2012 WL 5967962, at *5 (S.D. Tex. Nov. 28, 2012); *see also Cont'l Grain Co.*, 364 U.S. at 26 ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent");

---

[2] The cases pending in the Eastern District of Louisiana have been consolidated for discovery purposes only, with trial currently scheduled for the lead consolidated case in December 2014. Judge Jolivette Brown has expressly left open for a later date the question whether the remaining cases will be consolidated for a single trial.

*TechRadium, Inc. v. FirstCall Network, Inc.*, 2013 WL 4511326, at *3 (S.D. Tex. Aug. 23, 2013) (noting that a court's "general familiarity" with the issues in a case "can lead to more prompt rulings").

Another consideration favoring transfer under the "catch all" efficiency factor is the fact that both Compass and Enviro-Tech have contested personal jurisdiction in Texas. Shamrock intends to do the same. *See* Docket Entry No. 11 at 5 n.5. In contrast, specific personal jurisdiction would almost certainly exist over all Defendants in Louisiana because that is where the alleged tortious conduct occurred. Indeed, Wood Group points out in its motion to transfer that it "seems undisputed that all potential defendants are subject to personal jurisdiction in [the Eastern District of Louisiana] whereas that does not appear to be the case in the Southern District of Texas." Docket Entry No. 8 at 3.

For personal jurisdiction to exist over an out-of-state defendant in Texas, however, the defendant would have to be subject to general jurisdiction, meaning its contacts with Texas are so "continuous and systematic" as to render it essentially "at home" here. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011). While Black Elk and Wood Group are headquartered in Texas and thus do not seek dismissal on personal jurisdiction grounds, three of what appear to be five primary Defendants[3] dispute that they are

---

[3] It appears to the Court that although Dominguez named ten defendants in his Complaint, only

subject to personal jurisdiction here.  Just last month, the Supreme Court reiterated just how difficult it is to establish general jurisdiction.  *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) (noting such jurisdiction will usually exist only where a corporation is incorporated or maintains its principal place of business, though acknowledging that extraordinary circumstances might support another location).  It is enough to note that the pending motions to dismiss on personal jurisdiction grounds present difficult questions.  And, when possible, courts should avoid deciding difficult constitutional issues such as personal jurisdiction which is rooted in the Due Process Clause.  *See Ashwander v. Tennessee Valley Auth.*, 297 U.S. 288, 346–47 (1936) (Brandeis, J., concurring) (counseling judicial restraint when constitutional decisions are not necessary).  Moreover, even if Dominguez were to prevail on those motions, an appellate issue of personal jurisdiction would loom over this case.  That does not sound like the easiest, most expeditious, and least expensive way to litigate this case.  Substantial concerns about the existence of personal jurisdiction in Texas, when none exist in Louisiana, thus warrants transfer.  *See Groesbeck v. Bumbo Int'l Trust*, 2013 WL 3157922, at *2 (S.D. Tex. June 20, 2013) (exercising the court's discretion to avoid difficult questions of personal jurisdiction and transferring venue).

---

five are primarily involved in the case: Black Elk; Wood Group; Compass; Shamrock; and Enviro-Tech. And Dominguez seems to recognize that those five defendants are the proper defendants here.

The Court thus finds that the private interest factors strongly favor transfer.

2.   *Public Interest Factors*

The Court further finds that the public interest factors weigh in favor of transfer.   In terms of court congestion, this Court has previously noted that its light criminal docket often allows civil cases to proceed to trial more speedily.   *See Perry*, 2013 WL 3338580, at *3.   But that advantage would likely be offset here because the eight consolidated cases are well on their way to a December 2014 trial setting before Judge Jolivette Brown; meanwhile, this case has only just begun.   The first public interest factor therefore weighs in favor of transfer, albeit slightly.

The interest in having "localized interests" decided at home is particularly weighty here because "[t]he place of the alleged wrong is one of the most important factors in venue determinations."   *Devon Energy Prod., Co. v. Global Santa Fe South Am.*, 2007 WL 1341451, at *8 (S.D. Tex. May 4, 2007) (citing *Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 732 (S.D. Tex. 2002)).   The alleged wrong to Dominguez occurred on a platform twenty miles from Grand Isle, Louisiana.   But in an attempt to view this factor in his favor, Dominguez underscores the local interest in trying matters in the same district where the alleged wrongdoer resides.   When it comes to Black Elk this does help Dominguez, but three other defendants, Compass, Shamrock, and Enviro-Tech, as well as

Dominguez, reside in Louisiana. A jury sitting in that state would have a stronger interest in resolving allegations that a platform off the coast of its shores caused severe injuries to a Louisiana resident (or a person who, even if a resident of the Philippines, was employed in Louisiana). *See Groesbeck*, 2013 WL 3157922, at *5 (acknowledging the jury's interest as one factor favoring transfer to the forum where the accident occurred and the plaintiff resided).

As to the third public interest factor—the familiarity of the forum with the law that will govern the case—Dominguez concedes that because OCSLA incorporates state law, resolution of this dispute will likely require the application of Louisiana civil law principles such as *respondiat superior*, *stipulations pour autrui*, several liability, employer fault, and the recovery of damages for emotional injuries. Consequently, this factor weighs in favor of transfer.

The final public interest factor—possible conflicts of law arising from the application of foreign law—is not implicated on these facts and does not affect the Court's analysis.

When viewed as a whole, both the public and private interest factors outweigh any interest in retaining the case in this District, rendering the Eastern District of Louisiana the "clearly more convenient" forum. *Volkswagen II*, 545 F.3d at 315.

## IV.   CONCLUSION

For the reasons discussed above, the Court concludes that the Eastern District of Louisiana is a "clearly more convenient" forum.   *Id.*   The Court therefore **GRANTS** Black Elk's Motion to Transfer Venue (Docket Entry No. 5) and **TRANSFERS** this case to the Eastern District of Louisiana.   Because the Court avoids ruling on whether it has personal jurisdiction over Defendants Compass, Shamrock, and Enviro-Tech, all pending motions to dismiss (Docket Entry Nos. 9, 29, 30, 31, 32) and all other pending motions to transfer venue (Docket Entry Nos. 8, 9, 29, 30) are **DENIED** as moot.

**SIGNED** this 18th day of February, 2014.

_____
Gregg Costa
United States District Judge